```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
MICHAEL HURCKES,                                                  :
                                                                  :
                          Plaintiff,                              :    22-CV-4616 (JMF)
                                                                  :
                 -v-                                              :
                                                                  :    MEMORANDUM OPINION
JPMORGAN CHASE BANK, N.A.,                                        :        AND ORDER
                                                                  :
                          Defendant.                              :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Michael Hurckes, a lawyer proceeding on his own behalf, brings claims against JPMorgan Chase Bank, N.A. ("Chase") for violations of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666 *et seq.*, and the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a)(1), as well as claims for breach of contract and breach of the covenant of good faith and fair dealing under New York law. *See* ECF No. 18 ("FAC"). These claims arise from three alleged errors on Hurckes's Chase credit card bill relating to a single transaction. Hurckes alleges that he notified Chase of the errors in February 2022. *Id.* ¶ 8. In April 2022, Chase requested, and Hurckes submitted, additional documentation for his disputes. *Id.* ¶¶ 10-11. According to the First Amended Complaint, Chase "properly processed" and "investigated" the first two disputes and resolved them in Hurckes's favor; they are not at issue here. *Id.* ¶¶ 9, 13. By contrast, Chase resolved the third dispute — for $1,871.13 — against Hurckes. *Id.* ¶¶ 8, 18. According to the First Amended Complaint, Chase did so "on the grounds that [it] never received the requested documentation." *Id.* ¶ 18. Elsewhere in the First Amended Complaint, however, Hurckes acknowledges that Chase "confirmed that they [sic] had received the information" for

all three alleged errors. *Id.* ¶ 12. Moreover, documentation submitted by Chase — namely, a letter dated May 4, 2022, to Hurckes — shows that the credit card company resolved the dispute against Hurckes because, after "reviewing the information [Hurckes] and the merchant provided, [it] found that the service provided to [Hurckes] was as described" and that the company "consider[ed] the charge valid based on the results of [its] research." ECF No. 23-2 ("May 4, 2022 Letter").

Chase now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss. *See* ECF No. 21. In evaluating a Rule 12(b)(6) motion, a court must accept all facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). A claim survives a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If a plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his claims] must be dismissed." *Twombly*, 550 U.S. at 570. In general, courts grant special solicitude to litigants proceeding without counsel. *See, e.g.*, *Peralta v. City of New York*, No. 21-CV-6395 (JMF), 2022 WL 2805463, at *2 (S.D.N.Y. July 18, 2022). But "when, as here, the *pro se* litigant is a *lawyer*, he is ordinarily entitled to no such solicitude at all." *Sullivan v. City of New York*, No. 14-CV-1334 (JMF), 2016 WL 3198303, at *3 (S.D.N.Y. June 8, 2016) (internal quotation marks omitted) (citing cases), *aff'd*, 690 F. App'x 63 (2d Cir. 2017).

The Court begins with Hurckes's federal claims. Only one — the FCBA claim — is in dispute, as Chase argues, and Hurckes concedes, that there is no private right of action under the FTC Act. *See* ECF No. 24 ("Def.'s Mem."), at 13-15 (citing, among other cases, *Charych v. Siriusware, Inc.*, 790 F. App'x 299, 301 n.3 (2d Cir. 2019) (summary order)); ECF No. 28 ("Pl.'s Opp'n"), at 13. To state a claim under the FCBA, a plaintiff must allege: "(1) the existence of a billing error; (2) plaintiff's timely notification of the billing error; and (3) failure of the card issuer to comply with the procedural requirements of Section 1666." *Beaumont v. Citibank (S.D.) N.A.*, No. 01-CV-3393 (DLC), 2002 WL 483431, at *3 (S.D.N.Y. Mar. 28, 2002) (citing 15 U.S.C. § 1666(a)). To comply with Section 1666's procedural requirements, the creditor must (1) send a written acknowledgment of a timely submitted notice within thirty days of receipt; (2) investigate the matter; and (3) within ninety days of receipt of the notice (or two billing cycles, whichever is shorter), *either* correct the debtor's account or give a written explanation of why the purported billing error is not, in fact, an error. *See* 15 U.S.C. § 1666(a)(3)(A)-(B); *see also Am. Exp. Co. v. Koerner*, 452 U.S. 233, 236-37 (1981). Significantly, the FCBA "establishes only the *procedural* framework for dispute resolution[] and does not concern itself with the *substantive* outcome of this process." *Burnstein v. Saks Fifth Ave. & Co.*, 208 F. Supp. 2d 765, 775 (E.D. Mich. 2002) (emphases added), *aff'd sub nom. Conn-Burnstein v. Saks Fifth Ave. & Co.*, 85 F. App'x 430 (6th Cir. 2003) (per curiam); *accord Langenfeld v. Chase Bank USA, N.A.*, 537 F. Supp. 2d 1181, 1204 (N.D. Okla. 2008).

Measured against these standards, Hurckes's FCBA claim fails as a matter of law. For starters, the First Amended Complaint is arguably internally inconsistent with respect to whether Chase received documentation from Hurckes relating to the dispute at issue. *Compare* FAC ¶ 12, *with id.* ¶ 18. Faced with such "internally inconsistent" allegations, the Court "is neither

3

obligated to reconcile nor accept" them "as true." *In re Columbia Tuition Refund Action*, 523 F. Supp. 3d 414, 424 n.1 (S.D.N.Y. 2021) (internal quotation marks omitted). But in either case, the FCBA claim fails because it takes issue with the substantive outcome of the dispute, not Chase's compliance with the procedural requirements of Section 1666. Indeed, at bottom, the sole apparent basis for Hurckes's assertion that Chase "actually investigated" the first two alleged errors (which are not at issue in this case) but did not investigate the third (which is at issue) is that the first two were "granted in [his] favor" and the third was not. Pl.'s Opp'n 6. Such conclusory allegations that a creditor failed to investigate a consumer's billing error dispute or that it reached the wrong outcome are not sufficient to state a claim under the FCBA. *See, e.g.*, *Piller v. JPMorgan Chase Bank*, No. 20-CV-2248, 2020 WL 8186165, at *3 (D.N.J. Oct. 23, 2020) (holding that conclusory allegations that a creditor "misrepresented [its] investigation" do not "suggest a failure to comply with Section 1666's procedural requirements" for the purposes of a Rule 12(b)(6) motion (internal quotation marks omitted)); *see also Borisov v. Alamo Rent a Car*, 796 F. App'x 949, 950 (9th Cir. 2020) (mem.) (affirming dismissal of an FCBA claim where the plaintiff "failed to allege facts sufficient to demonstrate that the . . . defendants did not comply with the FCBA's procedural requirements"); *Giles v. Wells Fargo Bank Nat'l Ass'n (Inc.)*, No. 22-CV-185, 2022 WL 17491004, at *6 (N.D. Ga. July 25, 2022) (dismissing an FCBA claim where the defendant had provided written explanation for denial and the plaintiff failed to plead factual allegations that other procedural requirements were violated), *adopted*, 2022 WL 17542919 (N.D. Ga. Aug. 16, 2022).

Notably, the Court reaches that conclusion without relying on the documentation submitted by Chase in support of its motion to dismiss, which appears to demonstrate beyond doubt that Chase complied with the procedural requirements of Section 1666 by acknowledging

receipt of Hurckes's dispute within thirty days, *see* ECF No. 23-1, and, well within the ninety-day period, providing Hurckes with the reasons it believed the charge at issue was correctly shown in Hurckes's statement, *see* May 4, 2022 Letter.  The Court could arguably have considered the documentation — if not for the truth of the matters asserted therein, then at least for the fact that it was sent to Hurckes.[1]  *Cf., e.g.*, *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a prospectus upon which it solely relies and which is integral to the complaint, the defendant may produce the prospectus when attacking the complaint for its failure to state a claim, because [a] plaintiff should not so easily be allowed to escape the consequences of its own failure.").  But the Court need not take that step because, for the reasons discussed above, Hurckes's FCBA claims fail on their own terms.  At a minimum, however, the documentation raises a question as to Hurckes's compliance with Rule 11 of the Federal Rules of Civil Procedure in filing this lawsuit and in continuing to pursue it.  *See, e.g.*, *Galin v. Hamada*, 283 F. Supp. 3d 189, 200-04 (S.D.N.Y. 2017), *aff'd*, 753 F. App'x 3 (2d Cir. 2018).

In short, Hurckes's federal claims must be and are dismissed.  That leaves two matters.  First, the Court declines to grant Hurckes leave *sua sponte* to amend his federal claims.  Hurckes was previously granted leave to amend to cure the deficiencies raised in Chase's initial motion to dismiss as to the FCBA claim and was explicitly cautioned that he "w[ould] not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss."  ECF No. 15.  Additionally, the problems with Hurckes's FCBA claim are substantive and cannot

---

[1]   Hurckes "dispute[s]" Chase's "business records," asserting that he has "information and belief through [his] commutations [sic] with [Chase] that they contain materially false statements."  ECF No. 29, ¶ 1.  Hurckes does not identify the materially false statements or describe the communications with Chase that support his assertion.  More significantly, Hurckes conspicuously does not dispute that he received the letters from Chase.

be cured through amendment (let alone, in all likelihood, amendment that would not run afoul of Rule 11).  *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that a district court may deny leave to amend when amendment would be futile because the problems with the plaintiff's claims are "substantive" and "better pleading will not cure" them).  And finally, Hurckes "has not requested permission to file [an amended complaint], nor has he given any indication that he is in possession of facts that would cure the problems identified in this opinion."  *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014).  Second, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Hurckes's claims under state law for breach of contract and breach of the implied covenant.[2]  After all, it is well established that, "[i]n general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."  *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998).  Here, there is no basis to depart from that general rule given, among other things, the relatively early stage of the case.

      For the foregoing reasons, Chase's motion to dismiss is GRANTED.  The Clerk of Court is directed to terminate ECF No. 21, to enter judgment in favor of Chase consistent with this Memorandum Opinion and Order, and to close the case.

      SO ORDERED.

Dated: March 27, 2023  
      New York, New York

                                  JESSE M. FURMAN  
                                  United States District Judge

---

[2]     In his First Amended Complaint, Hurckes cites both Section 1367 and 28 U.S.C. § 1338(b) for the proposition that the Court has supplemental jurisdiction over his state-law claims.  FAC ¶ 4.  But Section 1338 provides that "district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws."  It is plainly inapplicable here.